MILTON E. and EMMA LEA AILES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ailes v. Commissioner
Docket No. 22651-81.
United States Tax Court
T.C. Memo 1983-388; 1983 Tax Ct. Memo LEXIS 400; 46 T.C.M. (CCH) 648; T.C.M. (RIA) 83388; July 5, 1983. Milton E. Ailes, pro se. Linda K. West, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income taxes for the taxable year 1977 in the amount of $3,465 and for the taxable year 1978 in the amount of $1,596, together with an addition to tax under section 6651(a) [1] for 1978 in the amount of $16. After concessions by the parties two issues remain for decision: (1) whether petitioners' receipt of $2,476 in 1978 in settlement of litigation for breach of an agreement to purchase their residence is taxable income and (2) whether debt repayments by petitioners in the amounts of $11,750 for 1977 and $1,800 for 1978 are deductible by them as bad debts. *401 FINDINGS OF FACT Some of the facts have been stipulated.The stipulation of facts and stipulated exhibits are incorporated herein by this reference. The petitioners filed joint Federal income tax returns for the taxable years 1977 and 1978 with the Internal Revenue Service Center at Austin, Texas. They resided in Alexandria, Louisiana, at the time they filed their petition in this case. Petitioners contracted to sell their residence. The buyer executed a $10,000 promissory note in connection with the Agreement to Purchase. The purchaser failed to buy the house and petitioners sued him. In 1978, they received $2,476 in settlement of this lawsuit. Petitioner Milton Ailes (reference to petitioner in the singular will refer to Milton Ailes) incorporated All South Construction Corp. ("All South") on January 20, 1970. Petitioner was the president and sole shareholder of All South. In his individual capacity he borrowed money from Whitney National Bank and others which he, in turn, advanced to All South for operating expenses. All South issued notes to petitioner for some advances, although interest was waived on two of the notes. All South ceased operations in 1974.
In *402 1977 and 1978, petitioner repaid the following: 1977
1978
Bridgeview, Inc.
$ 600
$1,800
Ellis C. Henican, Sr.
250
A. T. Webber, Jr.
850
All South/A. T. Webber
10,050
TOTALS
$11,750
$1,800
Petitioners did not report the amount received in settlement of their lawsuit on their Federal income tax return for 1978. Petitioners claimed the debt repayments listed above as bad debts which they included as itemized deductions for 1977 and 1978. The Commissioner, in his notice of deficiency, determined that the petitioners received income in 1978 in the amount of $2,476 from a forfeited good faith deposit on their residence and that the itemized deductions for bad debts of $11,750 in 1977 and $1,800 in 1978, were not deductible because "it has not been established that a debtor-creditor relationship was intended, or that the debts became worthless during the taxable years 1977 and 1978." OPINION The first issue for consideration is whether $2,476 received by petitioners in 1978 from the settlement of their lawsuit arising from a buyer's failure to purchase their personal residence is taxable income. The amount received by a taxpayer as damages for breach *403 by another party of a contract for sale of a property constitutes ordinary income to the taxpayer. . Petitioners argue that the suit was not for damages or breach of contract but for execution on the promissory note, and that "[t]he amount realized by petitioners from the lawsuit * * * is not again taxable as ordinary income." Petitioners have the burden of proof, , and they have not shown that profit from the sale of the residence was previously reported. We, therefore, hold for respondent on this issue. The second issue concerns the proper tax treatment of certain debt repayments made by petitioners in 1977 and 1978. On their return, petitioners claimed that such repayments represented bad debts. Petitioner testified that he personally borrowed money from Whitney National Bank and others which he contributed to his wholly owned corporation, All South, to cover operating expenses. Petitioner repaid some of these loans in 1977 and 1978 which he deducted as bad debts. These loans were not loans to All South, guaranteed by petitioner, but were, instead, loans to *404 petitioner. Repayment of a personal loan cannot give rise to a bad debt deduction. . Petitioners may have sustained a loss from business or nonbusiness bad debts when his advances to All South became worthless. This aspect of the transactions, however, is not before us. The possibility of worthlessness of petitioner's advances to All South is unrelated to the deductibility of the personal loan repayments deducted by petitioners in 1977 and 1978. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩